State v. Singleton

STATE OF NORTH CAROLINA v. LEWIS SINGLETON

No. 7728SC1000

(Filed 6 June 1978)

**Criminal Law § 95.2— limiting instruction—time of giving**

It was not error for the trial court to fail to instruct the jury immediately at the time evidence of defendant's prior conviction was admitted into evidence that such evidence could be considered solely as bearing upon defendant's credibility and not as substantive evidence of his guilt or innocence of the offense charged, since the court did so instruct the jury during its final instructions.

APPEAL by defendant from *Friday, Judge*. Judgment entered 8 September 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 4 April 1978.

The defendant was indicted for the felony of assault with a deadly weapon with intent to kill inflicting serious injury and entered a plea of not guilty. From a verdict finding him guilty as charged and judgment sentencing him to imprisonment for not less than ten years nor more than fifteen years, the defendant appealed.

The State offered evidence tending to show that the defendant, Lewis Singleton, told his fiancee, Janice Boger, that he was going to kill her. He shot her seven times on 20 May 1977. She was wounded in the arm, leg and stomach. The defendant then drove Miss Boger to the hospital where she was admitted. After being advised of his rights and signing a waiver, the defendant confessed the shooting to law enforcement officers. Janice Boger positively identified the defendant as the individual who shot her and caused her injuries.

The defendant testified that he did not shoot Janice Boger. He stated that he had confessed to the police in order to protect the Boger woman's son, and the son had actually done the shooting.

On cross-examination the defendant admitted a prior conviction for bank robbery. In apt time, the defendant objected to the question and requested an instruction by the trial court limiting the jury's consideration of the answer to the issue of the defendant's credibility. The trial court indicated that it would give such an instruction at a later time and did so during its final instructions to the jury.

From the verdict of guilty of assault with a deadly weapon with intent to kill inflicting serious injury and judgment thereon, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Amos Dawson, for the State.*

*Peter L. Roda, Public Defender for the Twenty-Eighth Judicial District, for defendant appellant.*

State v. Singleton

MITCHELL, Judge.

The defendant assigns as error the trial court's failure to immediately instruct the jury, at the time evidence of his prior conviction was admitted into evidence, that such evidence could be considered solely as bearing upon his credibility and not as substantive evidence of his guilt or innocence of the offense charged. The defendant contends that failure to so instruct the jury until the time of its final instructions constituted prejudicial error by the trial court.

Even when totally inadmissible evidence is admitted, it will ordinarily be regarded as harmless if later excluded or withdrawn and the jury instructed to disregard the evidence. 1 Stansbury, N.C. Evidence (Brandis Rev. 1973), § 28. In some cases, however, cautionary admonitions of the trial court are ineffective to erase from the minds of the jury the effects of prejudicial testimony. *Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968). Those cases in which cautionary instructions have been found insufficient to remove prejudice have involved situations in which it appeared from the entire record that the prejudicial effect of the evidence was not or probably could not be removed from the minds of the jurors by the court's instruction. *State v. Aycoth*, 270 N.C. 270, 154 S.E. 2d 59 (1967); 4 Strong, N.C. Index 3d, Criminal Law, § 96, p. 473. No such situation is presented by this case.

In the case *sub judice* the State was entitled to ask questions of the defendant and to have him answer concerning his prior criminal convictions. The defendant was not entitled to have this evidence withdrawn or removed from the minds of the jurors. He was merely entitled to a limiting instruction. We find this was accomplished by the instructions of the trial court to the jury immediately before the jury began consideration of the case. No more was required.

The defendant was afforded a fair trial free from error, and we find

No error.

Chief Judge BROCK and Judge HEDRICK concur.